UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GRANITE STATE INSURANCE
COMPANY and NEW HAMPSHIRE
INSURANCE COMPANY,

      Plaintiffs,

v.                                                    Case No.  8:10-cv-1542-T-24 EAJ

AMERICAN BUILDING MATERIALS,
INC., KB HOME, INC., and KB HOME
TAMPA, LLC,

      Defendants.
_____/

## **ORDER**

This cause comes before the Court on Defendants KB Home, Inc., and KB Home Tampa, LLC's ("KB Home") Motion to Stay or to Abate Summary Judgment Proceedings.  (Dkt. 33.) Plaintiffs Granite State Insurance Company and New Hampshire Insurance Company oppose the motion.  (Dkt. 39.)  Also before the Court is KB Home's Motion for Continuance of Summary Judgment Proceedings Pursuant to Rule 56(d).  (Dkts. 31, 32.)  Plaintiffs oppose the motion. (Dkt. 38.)[1]

**I.     Background**

In this action, Granite State Insurance Company ("Granite State") and New Hampshire Insurance Company ("NHIC") (collectively, the "Insurer") has sued American Building Materials, Inc. ("ABM"), its named insured, under certain commercial general liability policies and umbrella policies, as well as KB Home, an additional insured under the policies and also the

---

[1]Defendant American Building Materials, Inc., filed notices stating that it joins KB Home's motions.  (Dkts. 35, 36.)

injured party plaintiff in the underlying litigation. The Insurer seeks a declaration that it has neither a duty to defend nor a duty to indemnify either ABM or KB Home for property damage caused by Chinese drywall that was supplied by ABM and installed in homes built by KB Home.

## II.     Discussion

The Insurer has filed a motion for summary judgment in which it argues that the so-called "total" pollution exclusion contained in the policies applies under Florida law to exclude coverage for property damage arising from Chinese drywall. KB Home has not yet responded to the motion.

### A.     KB Home's Motion to Stay or Abate Summary Judgment Proceedings

In its motion to stay or abate the summary judgment proceedings, KB Home urges the Court to stay this case pending the outcome of an appeal of *General Fidelity Insurance v. Foster*, Case No. 9:09-cv-80743-KMM (S.D. Fla, Mar. 24, 2010), a case originating in the Southern District of Florida. In *Foster*, the district court considered the application of the "total" pollution exclusion to damages arising from Chinese drywall. The district court granted summary judgment for the insurer under a commercial general liability policy, ruling that the "total" pollution exclusion contained in the policy applied to exclude coverage for property damage arising out of Chinese drywall. On May 5, 2011, the defendant filed a notice of appeal from that decision, and the appeal is currently pending before the Eleventh Circuit Court of Appeals.

KB Home urges the Court to stay this case pending the outcome of that appeal because a ruling on the merits in the *Foster* appeal will provide appellate guidance regarding whether the "total" pollution exclusion excludes property damage arising from imported Chinese drywall.

KB Home notes that the language of the pollution exclusion in the instant case is virtually identical to that involved in *Foster*, and the Insurer has relied on *Foster* in its summary judgment motion.

The Court declines to grant the extraordinary relief requested by KB Home. *Foster*, while instructive, is not determinative of this case, and although the Court must apply established Florida precedent in the same manner as did the district court in *Foster*, this Court is not bound by the *Foster* decision. Furthermore, to delay this case indefinitely while the appeal of *Foster* is pending would be highly prejudicial to the Insurer. The notice of appeal in *Foster* was only recently filed, and the parties have not yet submitted their appellate briefs or conducted oral argument. As such, the Court will not wait for the appeal of *Foster* is concluded to decide whether KB Home is entitled to coverage under the policies.

    **B.**    **KB Home's Rule 56(d) Motion for Continuance of Summary Judgment Proceedings**

KB Home also moves for a continuance of the summary judgment proceedings in this case to allow for the completion of discovery on what it identifies as a significant threshold choice of law issue. KB Home states that it has discovered an issue regarding whether the "producer" of the insurance policies at issue were authorized to issue, write, or bind insurance policies for the Insurer. KB Home therefore has tendered discovery, including third party subpoenas, calculated to verify how and where the policies were formed, which will in turn determine which state's law governs this case.

The Insurer opposes a continuance, arguing that KB Home already admitted in its Answer to the Complaint that Florida law applies, and that it should not be permitted to change

3

its position.[2] The Insurer furthermore argues that delaying the summary judgment proceedings would pose a significant financial burden on the plaintiffs because they have been paying, and continue to pay, the costs of defending and investigating the drywall claims under a reservation of rights, while this lawsuit is pending. Finally, the Insurer agues that granting a continuance would deprive the plaintiffs of an opportunity to fully brief the newly-raised choice of law issue. Therefore, the Insurer alternatively argues that, if the Court delays summary judgment briefing pending discovery on the choice of law issue, then both parties should be given equal opportunity to be heard on the substantive merits of the issue.

The Court concludes that a continuance of the summary judgment proceedings will better serve the interests of justice in this matter. The Insurer's motion for summary judgment was filed on April 27, 2011, long before the July 5, 2011 discovery cutoff and the August 1, 2011 dispositive motion deadline set by the Court. Although delaying a ruling on the motion pending discovery on the choice of law issue would require the Insurer to continue to pay the costs of the drywall claims while this suit is pending, the Court prefers to decide this case on the merits, and KB Home has provided sufficient justification that additional discovery is necessary to determine which state law applies. The Court therefore concludes that the parties shall be permitted to engage in further discovery regarding the choice of law issue, and thereafter to file dispositive motions, including argument on that issue.

### III. Conclusion

The Court finds that, for the reasons stated, a stay of the proceedings in this case pending

---

[2]KB Home has filed a motion to amend its Answer, and that motion is currently pending before this Court.

the Eleventh Circuit's decision in the *Foster* appeal is not appropriate. Accordingly, KB Home's Motion to Stay or to Abate Summary Judgment (Dkt. 33) is **DENIED**.

Furthermore, the Court finds that additional discovery on the choice of law issue is necessary. Therefore, KB Home's Motion for Continuance of Summary Judgment Proceedings Pursuant to Rule 56(d) is **GRANTED** to the extent that the parties are permitted to continue engaging in discovery until the July 5, 2011 discovery deadline. Thereafter, any party may file summary judgment motions, including any choice of law argument, until the August 1, 2011 dispositive motion deadline. Responses to such motions shall be due 20 days thereafter, in accordance with the Court's Case Management and Scheduling Order. The pending Motion for Summary Judgment (Dkt. 30) filed by the Insurer shall be terminated by the Clerk of the Court.

**DONE AND ORDERED** at Tampa, Florida, this 15th day of June, 2011.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record