UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GRANITE STATE INSURANCE
COMPANY, and NEW HAMPSHIRE
INSURANCE COMPANY,

      Plaintiffs,

v.                                        Case No. 8:10-cv-1542-T-24 EAJ

AMERICAN BUILDING MATERIALS,
INC., KB HOME, INC., and KB HOME
TAMPA, LLC,

      Defendants.
_____/

## ORDER

This cause comes before the Court on a Motion for Reconsideration and to Alter or Amend Judgment Pursuant to Rule 59(e) filed by Defendants KB Home, Inc., and KB Home Tampa, LLC (collectively, "KB Home"). (Dkt. 82.)  Defendant American Building Materials, Inc., ("ABM") joined in the motion.  (Dkt. 83.)  KB Home seeks reconsideration of the Court's December 5, 2011 order denying KB Home's motion for summary judgment, and granting summary judgment in favor of Plaintiffs Granite State Insurance Company ("Granite State") and New Hampshire Insurance Company ("NHIC") (collectively, "the Insurer").  (Dkt. 80.)  A judgment was entered in favor of the Insurer on December 6, 2011.  (Dkt. 81.)  The Insurer filed a response in opposition to the motion.  (Dkt. 84.)

**I.    Background**

This was an action to determine whether the Insurer had a duty to defend or indemnify its named insured, ABM, in lawsuits and pre-suit claims in which it is alleged that ABM supplied

defective drywall imported from China to KB Home, and that KB Home constructed homes using this drywall. The Chinese drywall is alleged to have caused damage to real and personal property, and in some cases, caused physical injuries to persons.

In construing the insurance policies at issue, the Court concluded that the last act necessary to form the policies occurred in Massachusetts, and that, as a result, Massachusetts law governed the interpretation of the policies. The Court furthermore concluded that, under Massachusetts law, the determinative question was "whether an objectively reasonable insured would have expected that the damage caused by defective Chinese drywall could have been covered under the policies at issue." (Dkt. 80, p. 15.)

Noting that no Massachusetts court or federal court applying Massachusetts law had answered that particular question, the Court proceeded to analyze analogous case law, and ultimately answered the determinative question in the negative. Having found that an objectively reasonable insured would not have expected damage caused by Chinese drywall to be covered, the Court ruled that the Insurer did not have a duty to defend or indemnify the defendants.

## II.     Standard of Review

Reconsideration, or rehearing, is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Int'l Union of Painters v. Argyros*, No. 05-1661, 2007 WL 1577840, at *1 (M.D. Fla. May 31, 2007) (citations and quotations omitted). A party seeking rehearing has the burden to "demonstrate why the court should reconsider its prior decision and [must] set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* (citations and quotations omitted).

To establish a basis for rehearing, the movant must show either: "(1) an intervening change in controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or manifest injustice." *Id.* (citations and quotations omitted).

### III.   Discussion

KB Home contends that the Court misapprehended Massachusetts case law, thereby resulting in a legally erroneous decision. KB Home asserts that the determinative factor in Massachusetts for whether pollution is excluded from coverage is whether the irritant or contaminant is dispersed causing damage to the environment, in which event the exclusion applies. On the other hand, according to KB Home, if damage is confined inside a building or residence without dispersal of contaminants into the soil, groundwater, or surface water, the pollution exclusion does not apply. Thus, KB Home argues, the pollution exclusion contained in the policies at issue did not apply to the damages in this case because such damages were confined to the interior of homes built with Chinese drywall.

The Court has reviewed all of the case law cited by KB Home in its present motion, and the summary judgment memoranda. Despite KB Home's argument to the contrary, no Massachusetts court has adopted the distinction advanced by KB Home between so-called traditional or classic environmental contamination of soil, groundwater, or surface water, and contamination that is not dispersed into the environment. The Court already considered and rejected this argument in its prior order.

Furthermore, as the Court noted in its order, no Massachusetts court or federal court applying Massachusetts law has answered the specific question raised in this case: whether an objectively reasonable insured would have expected that damage caused by defective Chinese

drywall was covered. Thus, although KB Home disagrees with the Court's application of persuasive, not-controlling precedent, such disagreement is not a proper basis for reconsideration or rehearing of the Court's decision.

## IV.     Conclusion

Accordingly, for the reasons stated, KB Home's Motion for Reconsideration and to Alter or Amend Judgment Pursuant to Rule 59(e) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 24th day of January, 2012.

SUSAN C. BUCKLEW
United States District Judge